A CERTIFIED TRUE COPY

JUN 1 6 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 6 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1779*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE EDWARD D. JONES & CO., L.P., OVERTIME PAY LITIGATION*

> *Gerald Booher v. Edward D. Jones & Co., L.P.*, C.D. California, C.A. No. 2:06-1977
> *Randall Thill v. Edward D. Jones & Co., L.P.*, N.D. California, C.A. No. 3:05-4893
> *James E. Ellis v. Edward D. Jones & Co., L.P.*, W.D. Pennsylvania, C.A. No. 3:06-66

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *ORDER DENYING TRANSFER*

This litigation currently consists of three actions pending, respectively, in the Central District of California, Northern District of California and Western District of Pennsylvania. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the three actions. At the outset, plaintiff in the Western District of Pennsylvania action and common defendant Edward D. Jones & Co. (Edward Jones) each moved the Panel for transfer under Section 1407 to the Western District of Pennsylvania. Edward Jones, however, now supports the Eastern District of Missouri as an appropriate transferee forum. Plaintiff in the Central District of California action supports transfer, but originally suggested transfer to the Central District of California. Plaintiff in the Northern District of California action initially opposed the motion for transfer, but suggested the Northern District of California as an appropriate transferee forum should the Panel be inclined to order transfer. At oral argument, plaintiffs in all three actions supported transfer to the Northern District of California.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization presently would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing just three actions, movants have failed to persuade us that any common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer under the current circumstances. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

- 2 -

IT IS THEREFORE ORDERED that the motions, pursuant to 28 U.S.C. § 1407, for centralization of these three actions are denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman